Territorial Law Library

FILED
SUPERIOR COURT

2012 DEC 18 PM 12: 13

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

TERESITA Q. MATANANE and
EDWARD MATANANE,

                Plaintiffs,

        v.

HYANNIS AIR SERVICE, INC., doing
business as Cape Air; CONTINENTAL
MICRONESIA, INC.; CONTINENTAL
AIRLINES, INC.; and DOES 1
THROUGH 5,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV0300-12


**DECISION AND ORDER**
**Re: Motion to Dismiss**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 6, 2012 on Defendant's Motion to Dismiss. Attorney Elyze McDonald Iriarte represented Defendants Continental Airlines, Inc. and Continental Micronesia, Inc. Attorney David P. Ledger represented Defendant Hyannis Air Service, Inc. Plaintiffs were represented by Attorney Jeffrey A. Cook. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## BACKGROUND

Plaintiffs filed their complaint on March 5, 2012, alleging Defendants' negligence resulted in personal injuries and loss of consortium. Defendant Hyannis, doing business as Cape Air (hereinafter, "Cape Air"), filed its answer on June 1, 2012. Defendant Continental Airlines, Inc. filed an answer on June 4, 2012. On

June 22, 2012, Continental Airlines filed for dismissal pursuant to Guam R. Civ. P. 12(b)(6). On July 10, Continental Micronesia, Inc. filed its answer and joined in the motion to dismiss. Plaintiffs filed their opposition to the motion to dismiss on July 23, 2012 and Defendants filed their reply to the opposition on July 30, 2012. Based on the applicable law and the unique circumstances of this case, this Court finds that denial of Defendant's motion is appropriate.

## DISCUSSION

Defendants Continental Airlines and Continental Micronesia (collectively, "Continental") assert that Plaintiffs' claims are barred by the statute of limitations. They point out that according to Plaintiffs' briefs, the incident from which the cause of action stems occurred in December of 2009. The complaint was filed with the court on March 5, 2012, more than two months past the two-year statute of limitations provided for in 7 G.C.A. §§ 11301 and 11306.

Plaintiffs agree that the complaint was filed beyond the two year statute of limitations. However, they deny the claim against Defendants Cape Air and Continental is barred by the statute of limitations because there has been a waiver on the part of Cape Air. Plaintiffs rely on agency theory to support its position that when Cape Air waived the statute of limitations defense, it acted as an agent of Continental thus making the waiver effective as to all Defendants.

Continental Airlines and Continental Micronesia dispute this theory, arguing that Plaintiffs failed to demonstrate an agency relationship as between Continental and Cape Air. Continental asks that the claims be dropped because there has been no effective waiver of the statute of limitations on their part.

## I. Statute of Limitations Waiver.

The period prescribed for the commencement of actions for injury to a person caused by the wrongful act or neglect of another is two years. See 7 GCA §§ 11301 and 11306. The statute of limitations is an affirmative defense which is subject to waiver. See Guam R. Civ. P. 8. See also Zipes v. Trans World Airlines, Inc., 455

U.S. 385, 393 (1981) (stating the statute of limitations is subject to waiver, tolling and estoppel). Under Guam law, a waiver occurs when a person voluntarily and intentionally relinquishes a known right or privilege. Yanfag v. Cyfred, Ltd., 2009 Guam 16 ¶ 20.

California has adopted a similar definition for waiver. See Lucchesi v. Bar-O Boys Ranch, 353 F.3d 691 (9th Cir. 2003) (recognizing California's definition of waiver as "voluntary relinquishment of a known right"). Similarly under California law, waiver of a statute of limitations must be established with a clear showing of an intent to relinquish that right. Isaacson v. City of Oakland, 263 Cal.App.2d 414, 419 (1968).

Evidence has been presented that on two occasions, Cape Air, through its insurer, agreed to extend the deadline to file a complaint at the request of Plaintiffs' counsel. First, there was an agreement to extend the filing deadline to February 6, 2012. *Cook Decl, Ex. B.* Second, there was an agreement to extend the deadline to March 6, 2012. *Cook Decl., Ex. D.* The communications between Plaintiffs' and Cape Air's insurer support a finding that Cape Air voluntarily and intentionally relinquished the right to assert the statute of limitations defense.

## II. Effect of Hyannis' Waiver on Co-Defendants.

Whether the statute of limitations waiver is effective as to all Defendants turns on the existence or absence of an agency relationship between the Defendants. As stated *supra*, Plaintiffs rely on agency theory in arguing Cape Air's waiver of the statute of limitations is effective as to all Defendants. Continental argues that such a relationship does not exist and that they have done nothing to lead Plaintiffs to believe that one exists.

A. Agency Relationship Between Hyannis, Continental Micronesia, and Continental Airlines.

Under Guam law, agency is either actual, where the agent is really employed by the principal, or ostensible. An agency is ostensible when the principal

-3-

intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him. 18 G.C.A. §§ 20104 - 20106. There has been no evidence presented to the Court to show the existence of an actual agency. Therefore, this Court will consider the existence of ostensible agency.

Ostensible authority is such as a principal intentionally, or by want of ordinary care, causes or allows a third person to believe the agent possesses. 18 G.C.A. § 20214. In ostensible agency, the principal need not expressly confer authority upon the agent. Leong v. Deng, 2002 Guam 2 ¶ 12. "[O]stensible authority may be implied if the principal's conduct causes anyone to believe that authority has been conferred upon the agent." Id. The agent's acts and representations to a third party are imputed to his or her principal. Id.

Continental contends that the Plaintiffs were not made to believe that an agency relationship existed. In making that assertion, they rely on the communications made prior to Plaintiffs' filing of the complaint. "Our investigation revealed that she was on a flight operated by Cape Air. Therefore, we have sent your letter to Cape Air for their handling and direct response to you." *Matanane Decl., Ex. D.* Continental uses this to show a denial of liability on their part.

Additionally, Continental relies on language found in a correspondence from Cape Air's insurer, Chartis Aerospace Adjustment Services, Inc.

> Your letter of February 4, 2010 addressed to Continental Airlines has been forwarded to my attention. The flight that Ms. Matanane alleges to have fallen while deplaning was operated by our insured, Cape Air. Since we represent the insurable interests of Cape Air, please direct all future correspondence concerning this matter to my attention at the above address.

*Matanane Decl. Ex. E.* Continental construes this as language that limits the scope of Chartis' authority as only representative of Cape Air, and not Continental. In short, it is Continental's stance that it is unreasonable for anyone, especially the Plaintiffs, to think an agency relationship exists between Cape Air and Continental.

-4-

In reviewing a motion to dismiss pursuant to Guam R. Civ. P. 12(b)(6), this Court must construe the pleading "in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." Taitano v. Calvo Finance Corp., 2009 Guam 9 ¶ 6. Similarly, in a Guam R. Civ. P. 56 motion for summary judgment,[1] this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7.

This Court has been presented declarations with attached exhibits. On the date the incident occurred, Plaintiff Matanane was issued a Continental boarding pass. The incident report she and the Cape Air employees filled out was a Continental form. While Continental argues the communication referring the issue to Cape Air "for their handling and response" is a denial of liability, it could just as reasonably be construed as a delegation of authority indicative of an actual agency relationship. Contrary to Continental's assertions that it is unreasonable to find the existence of an ostensible agency relationship, such a finding is reasonable. The correspondence from Chartis Aerospace does little to change this as Chartis could reasonably have been acting as, essentially, an agent of an agent. When viewed in a light most favorable to plaintiffs, there is sufficient evidence to support a finding of agency as between Continental and Cape Air.

B. Motion to Dismiss and Summary Judgment.

In their response to Continental's Rule 12(b)(6) motion to dismiss, Plaintiffs ask the Court to treat the motion as a Rule 56 motion for summary judgment "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." Newby v. Government of Guam, 2010 Guam 4 ¶ 14. . In ruling on a

---

[1] Plaintiffs' reply to the motion to dismiss asks this Court to adopt a summary judgment approach, which will be discussed *infra*.

Rule 12(b)(6) motion to dismiss, a trial court "must convert the dismissal motion into a summary judgment motion whenever it considers extraneous material outside the pleadings." Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd., 2010 Guam 13 ¶ 29. This Court has already demonstrated that it has considered material outside the pleadings in relying on the declarations and exhibits not incorporated in the complaint. Therefore, the Court proceeds on summary judgment standards.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. As discussed *supra*, the period prescribed for the commencement of actions for injury to a person caused by the wrongful act or neglect of another is two years. See 7 GCA §§ 11301 and 11306.

Based on the date Plaintiffs' complaint was filed, the statute of limitations was seemingly violated. However, Defendant Cape Air waived the statute of limitations defense. As this Court has discussed, the evidence supports a finding that an ostensible agency relationship between Cape Air and Continental exists. The agent's acts and representations to a third party are imputed to his or her principal. Leong, 2002 Guam 2 ¶ 12. Therefore, the waiver of the statute of limitations by Cape Air would also be effective as to Continental. In effect, Continental may not assert the statute of limitations defense in this matter.

## CONCLUSION

Though Defendants Continental Airlines and Continental Micronesia have filed a motion to dismiss pursuant to Guam R. Civ. P. 12(b)(6), this Court has considered material outside of the pleadings and proceeds on a Guam R. Civ. P. 56 motion for summary judgment basis. Because the facts support a finding of an agency relationship between Cape Air and Continental, and because the Cape Air's

waiver of the statute of limitations would be effective as to Continental under the circumstances, the motion to dismiss is hereby **DENIED**.

It is **SO ORDERED** this 18th day of December, 2012.

DEC 1 8 2012

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 1 8 2012

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

-7-